BANK v. HOLLINGSWORTH.

(Filed December 22, 1906).

*Corporations, Contracts of—Pleadings—Issues—Purchaser for Value—Fraud—Evidence—Transfer of Corporate Assets—Collateral Agreement—Assignment for Benefit of Creditors.*

1. While a corporation may contract under an assumed and fictitious name and be bound on the contract, the president or other managing officer, without any authority whatever, cannot bind the corporation by endorsing, in his own name, or the name of some firm of which he may be a member, a note payable to himself for which the corporation received no benefit or consideration.

2. Where this Court, on the former appeal, construed the pleadings as raising certain issues, and the parties went to trial on the pleadings, it is too late on this appeal to raise the question that such issues are not presented by the pleadings.

3. One who is not a creditor of a corporation is not in a position to complain of the fact that all its debts were not paid.

4. The exceptions to the charge of the Court on the issues directed to the question whether the defendant R. was a purchaser for value and without notice of D.'s fraudulent purpose in making certain transfers, are without merit, there being no evidence that R. had notice of facts sufficient to put him on inquiry.

5. Where the president of a corporation who owned all of its stock transferred the same and its assets to defendant in payment of a debt due defendant, the latter's collateral agreement in regard to the disposition of certain notes which they held and to pay the outstanding debts of the corporation did not make the transfer an assignment for the benefit of creditors within the operation of Acts 1893, chapter 433.

HOKE, J., dissenting.

ACTION by National Union Bank of Maryland against J. B. Hollingsworth and others, heard by *Judge W. R. Allen* and a jury, at the March Term, 1906, of the Superior Court of BUNCOMBE. From a judgment for the defendant, the plaintiff appealed.

*Julius C. Martin* and *Charles A. Webb* for the plaintiff.
*Locke Craig* and *Moore & Rollins* for the defendant.

CONNOR, J. This cause was before us at the December Term, 1903, and is reported in 135 N. C., 556. The facts are there fully set forth, in the statement of the case, and we find no reason, in disposing of this appeal, for restating them, but refer to the case as reported. After discussing the several phases of the controversy, as presented and argued before us, we concluded by saying: "The cause should be remanded and a new trial had upon the issues of fraud raised by the pleadings and the claim of the defendant Robertson, that, in any event, he is a purchaser for value and without notice. The burden of proof upon the first issue will be upon the plaintiff and as to the second upon the defendant." His Honor in accordance with this decision submitted the issues indicated and, in addition thereto, submitted the third issue: "Did the defendant, the J. E. Dickerson Company, endorse

the notes in controversy in the name of J. E. Dickerson & Co. ?" His Honor instructed the jury, in deference to what he construed to be the opinion of this Court, to answer the issue in the negative.

The plaintiff's fifteenth exception is directed to this ruling. It was alleged that the defendant corporation had, through J. E. Dickerson & Co., as agents, contracted the debts sued on, had received the benefit of the money advanced on the notes, and was therefore liable for them.

We do not think the question raised by the third issue was left open, and his Honor may have refused to submit the issue. It will be observed that neither J. E. Dickerson or J. E. Dickerson & Co. had any connection with these notes, save by way of endorsement. There is no evidence that the J. E. Dickerson & Co. had any connection whatever with them. We expressed our opinion in the first appeal upon this phase of the case, as follows: "This note was never payable to the corporation, was not executed in consideration of any debt due the corporation, was never endorsed by any officer of the corporation, in his official capacity, and it is difficult to perceive how it could have become liable *upon the cause of action* set forth in the complaint, that is, the promissory note of Hollingsworth." We adhere to that view.

The learned counsel contends that there was abundant evidence to go to the jury to prove that J. E. Dickerson was acting as agent of the corporation when he endorsed Hollingsworth's note given in renewal of notes payable to J. E. Dickerson & Co., in the name of J. E. Dickerson & Co. While it is true, as contended by counsel, that a corporation may contract under an assumed and fictitious name and be bound on the contract, we know of no authority by which the president or other managing officer of a corporation, without any authority whatever, can bind the corporation by endorsing, in his own name, or the name of some firm of which he may be

a member, a note payable to himself for which the corporation received no benefit or consideration. There is no suggestion that either J. E. Dickerson undertook, or any officer of the bank understood or supposed that he was undertaking, to bind the corporation by endorsing the words "J. E. Dickerson & Co." upon the back of a note payable to J. E. Dickerson & Co. We find no *scintilla* of evidence tending to establish any liability against the corporation *upon the endorsement,* which is the cause of action. If the corporation received property from J. E. Dickerson or J. E. Dickerson & Co., in fraud of his or their creditors, the right *to follow the property* in the possession of the corporation, or the hands of a purchaser with notice, is conceded. The exception cannot be sustained.

The plaintiff's tenth exception is pointed to the submission of the fifth and ninth issues, directed to the question whether Robertson was a purchaser for value without notice of the fraud of Dickerson. The exception is based upon the contention that the issues are not raised by the answer. We construed the pleadings as raising the question, and directed the submission of the issues as stated. Possibly there is some confusion in respect to the real matters in controversy in this case, growing out of the fact that the complaint is drawn upon the theory that the defendant Robertson, as partner of Watkins, Cottrell & Co., was personally indebted to the plaintiff bank. The affidavit upon which the attachment was issued states that Robertson, being a non-resident, is indebted and has property in this State. The attachment is levied upon the property assigned to him by J. E. Dickerson & Co., in the hands of J. E. Rankin, receiver, and the shares of stock in said company, "which belong to and are the property of the said W. S. Robertson." In the first trial the Court directed the jury to answer the issue that Robertson was not indebted to the bank, and rendered judgment accordingly,

and this was, upon plaintiff's appeal, affirmed by this Court. 134 N. C., 582. Thereafter all parties, and the Court, treated the action as a bill to follow the property, upon the theory that Dickerson had dealt with it in fraud of his creditors. The pleadings should, upon the decision of this Court, have been amended so as to present the real controversy. The parties, however, went to trial upon the pleadings, and it is too late now to raise the question that they do not present the questions upon the decision of which their rights depend. If necessary to do so, we would not hesitate to direct appropriate amendments made in this Court.

Exceptions fourteen and seventeen are directed to the instruction that if the jury believed the evidence, they should find that all of the debts of the corporation had been paid. It is conceded that if his Honor's ruling upon the third issue was correct, these exceptions cannot be sustained. The defendant Robertson expressly undertook to, and says, without contradiction, that he did pay all of the debts of the corporation; and no one, other than plaintiff, which, as we have endeavored to show, is not a creditor, is complaining. We do not perceive how the plaintiff is in a position to complain of the time the debts were paid. Exceptions sixteen, eighteen and nineteen point to the charge of his Honor on the fifth and ninth issues directed to the inquiry whether Robertson was a purchaser for value without notice of Dickerson's fraudulent purpose in making the transfers. The plaintiff introduced Robertson's deposition. He testified that neither he nor the firm of Watkins, Cottrell & Co. had any connection with or knowledge of the Hollingsworth or Jones notes until after the property was transferred to him. The evidence upon this question is clear and positive. In answer to direct questions, he says: "I never dreamed of that; was as much surprised to hear of them as anyone else. I didn't know anything in the world about them—never heard of them before

suits were commenced." This testimony was uncontradicted. It is claimed, however, that Robertson had notice of facts sufficient to put him upon inquiry. We have carefully examined the testimony and are unable to find that he had knowledge of any facts in the slightest degree indicating that Dickerson owed any · debts, except to his firm. There is no controversy in respect to the validity or amount of this indebtedness. As will be seen by reference to the statement of facts in the former appeal, 135 N. C., 556, two of the partners of Watkins, Cottrell & Co. died, and it became necessary to close up their business. Mr. Robertson,, together with the executors, went to Asheville in May, and it was at that time that the first arrangement was made. The Bank of Asheville was then in business, and there is no suggestion that it was insolvent or at least that it was supposed to be so. Hearing that the bank had failed in September and that Dickerson was in trouble, Robertson again visited Asheville, and at that time the final assignment was made in payment of the debt. He swears that he did not at that time know that Dickerson was indebted to any one but himself. It was but natural that the failure of the bank, in which Dickerson was a director, should have made it prudent for Mr. Robertson to visit Asheville, but it was not, in our opinion, any evidence that he was indebted to the bank, and as we have seen, he swears positively that he did not know and had no intimation of that fact.

Without undertaking to discuss the evidence in full upon that point, we refer to the statement of facts heretofore made. His Honor clearly charged the jury in regard to the burden of proof and the manner in which they were to consider Robertson's testimony, introduced by the plaintiff. We find no error in the instruction given. To the suggestion that the transfer made to Robertson in September was an assignment for the benefit of creditors coming within the provisions of

the Act of 1893, ch. 453, it is sufficient to say that the real consideration of the assignment was in payment of the debt due Robertson.    The collateral agreement in regard to the disposition of the notes which they held and the agreement on the part of Robertson to pay the outstanding debts of the Dickerson Company does not, in our opinion, bring it within the operation of the statute.    While there were other exceptions in the record, they are not noticed in the brief, and we take them to have been abandoned.    Those which were in the brief fully presented the real matters in controversy.

Upon a careful consideration of the entire record, we are of the opinion that his Honor's instructions were correct and that his judgment is in accordance with the former opinion of this Court.    There is

No Error.

HOKE, J., dissenting: I think the record and case on appeal show that there was evidence for the consideration of the jury of facts and circumstances which should have put the defendant Robertson on inquiry, and which would have led to knowledge of the fraud established by the verdict against Dickerson and Dickerson & Co.; and the jury should have been allowed to determine the question of the *bona fides* of Robertson's purchase in that aspect of the testimony.

In my opinion, therefore, there was error on the part of the trial Judge in charging the jury that if they believed the evidence they would answer the issue, addressed to that question, in favor of the defendant.    As there is no question of law or legal inference seriously involved, however, I do not consider it necessary or desirable to discuss the case more at length.